(No. 3675— )

DuPAGE COUNTY HIGHWAY DEPARTMENT, BY DuPAGE COUNTY SUPERINTENDENT OF HIGHWAYS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1942.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; BEN F. RAILS-BACK, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant seeks an award in the sum of $438.94, for reimbursement of fifty per cent of the cost of maintenance of roads in DuPage County, constructed under Section 19, Chapter 121, Illinois Revised Statutes 1941. Section 37, of said chapter, provides that roads constructed under said Section 19, shall be maintained equally by the county and the State. It is stated in the complaint that the cost of maintenance of the roads in question for the months of April, May and June, 1941, was $877.83.

A stipulation was entered into between the parties herein, to the effect that the report of M. K. Lingle, Engineer of

Claims of the Division of Highways, should constitute the record in this case; said report is dated January 28, 1941.

Although the labor, materials and equipment for which this claim is brought were furnished for the months above stated, the invoices for same were not submitted to the State Division of Highways for payment until October 31, 1941. The appropriation from which said claim could be paid lapsed September 30, 1941.

Claimant's claim was submitted to the District Office of the Division of Highways, at Elgin, Illinois, on October 31, 1941, and was approved for payment by C. H. Apple, District Engineer. Mr. Apple then forwarded said claim to the State Division of Highways, but it was returned with the explanation that the appropriation made for the purpose of paying such claims had lapsed. The complaint filed herein was filed December 29, 1941.

Section 37 of Chapter 121 of *Illinois Revised Statutes,* 1941, provides as follows:

"State Aid" gravel or macadam roads constructed, or partially constructed, prior to the taking effect of this amendatory act (July 1, 1929) shall be maintained equally by the county and State.

Where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no negligence or fault on the part of claimant same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where, at the time the obligation was incurred, there were sufficient funds remaining unexpended in the appropriation to pay for the same.

*Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R., 165.
*Individual Towel & Cabinet Service Co.* vs. *State,* 6 C. C. R., 407.
*City of Jacksonville* vs. *State,* 10 C. C. R., 716.
*Harst and Strieter Co.* vs. *State,* 10 C. C. R., 338.
*Metropolitan Electrical Supply Co.* vs. *State,* 10 C. C. R., 346.
*Schnepp and Barnes* vs. *State,* 10 C. C. R., 609.
*Oak Park Hospital Inc.* vs. *State,* 11 C. C. R., 219.
*Riefler, et al.* vs. *State,* 11 C. C. R., 381.
*Litchfield & Madison Railway Co.* vs. *State,* 11 C. C. R., 455.
*King* vs. *State,* 11 C. C. R., 577.
*Shonkwiler* vs. *State,* 11 C. C. R., 602.

This claim was presented for payment on October 31, 1941, and was approved by C. H. Apple, District Engineer, State Division of Highways, but payment thereof could not be made on account of the fact that the appropriation out of which the same was properly payable lapsed on September 30, 1941.

We find the bill therefore had been submitted within a reasonable time, but that the appropriation had lapsed without any fault or neglect on the part of the claimant, and we further find that at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same.

This claim comes within the requirements set out in the above cited cases, decided by this court, and an award is therefore entered in favor of the claimant in the sum of $438.92.